**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter J Workum, | No. CV-21-00131-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Mark Brnovich, | |
| Respondent. | |

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed by Petitioner Peter J. Workum ("Petitioner"). On September 17, 2021, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending the Petition and a Certificate of Appealability be denied (Doc. 9). The Magistrate Judge advised the parties that they had fourteen days to file specific written objections with the Court. (*Id.* at 27). Petitioner timely filed objections to the R&R (Doc. 14) and the Respondent responded (Doc. 15). With the Court's permission, Petitioner then filed a reply (Doc. 20). The Court has considered the objections and reviewed the R&R *de novo*. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Following the issuance of Judge Fine's R&R, Petitioner also filed a Motion to Certify Question to the Arizona Supreme Court (Doc. 17) and requested oral argument on the same.[1] That Motion is fully briefed (Docs. 19, 21) and will also be ruled on in this Order.

---

[1] Because the issues can be resolved on the briefing submitted, the Court denies the request for oral argument on the Motion. *See* LRCiv 7.2(f).

## I. Background

After an eleven-day trial, a jury found Petitioner guilty of two counts of theft, two counts of money laundering, one count of fraudulent schemes and artifices, and one count of residential mortgage fraud. (Doc. 7-1 at 172). He was sentenced to concurrent terms of imprisonment, the longest of which was five years. (*Id.* at 173). His timely appeal was stayed while he filed a petition for post-conviction review ("PCR"). In that petition, Petitioner alleged his trial counsel was ineffective for, among other things, failure to argue an advice of counsel defense or eliciting witness testimony to support such a defense. (*Id.* at 196–213). The PCR court held evidentiary hearings on Petitioner's claims, assessed them on the merits, and ultimately denied relief. The Arizona Court of Appeals then granted Petitioner's request to consolidate his petition and appeal. It granted review of his petition, but in a decision, denied relief and affirmed his convictions and sentences. (*Id.* at 180).

## II. Standard of Review and Objections

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). Indeed, district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Petitioner filed his federal Petition on January 25, 2021, alleging five grounds for relief. (Doc. 1). Grounds 1–3 in the Petition argue that the PCR court reached a decision that was contrary to and involved an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984) when it (1) improperly applied a preponderance standard to the question of prejudice in its analysis of Petitioner's ineffective assistance of counsel ("IAC") claim; (2) failed to consider what a jury could have found and instead made "its own personal decision about the advice-of-counsel defense"; and (3) erroneously applied

*State v. Fritz,* 755 P.2d 444 (Ariz. Ct. App. 1988) to determine Petitioner's credibility on the advice-of-counsel defense. (Doc. 1 at 11–14). Ground 4 argues that the PCR court's determination of his credibility resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (*Id.* at 15). In Ground 5, Petitioner asserts that he is actually innocent based on an advice of counsel defense. (*Id.*)

The R&R reviewed the five grounds raised in the Petition under 28 U.S.C. § 2254(d) and found that all five were without merit. Petitioner disputes the R&R's findings and recommendations on all five grounds. Accordingly, the Court will review those portions of the R&R *de novo*.

**III. Discussion**

Under 28 U.S.C. § 2254(d), federal courts may only grant habeas relief for claims adjudicated on the merits in a state court proceeding if the petitioner demonstrates prejudice because the adjudication of the claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This is a "'highly deferential standard for evaluating state court rulings' which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (*quoting Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

**A.     Objections to Grounds 1–3**

In objecting to the recommendations on Ground 1, Petitioner states that the Magistrate Judge "misinterpreted the PCR Court's order, despite quoting it correctly," and "ignored that the PCR Court applied the incorrect standard. . ." (Doc. 14 at 5). He further says the Magistrate Judge improperly relied on *Woodford* in giving the PCR court the "benefit of the doubt." (Doc. 14 at 5). In his objections to the Magistrate Judge's findings on Grounds 2 and 3, Petitioner similarly argues that the Magistrate Judge "misinterpreted

the record and law" because the "PCR Judge had 'not necessarily considered what the jury could have found, based on its review of the record.'" (Doc. 14 at 5). As he did in his Petition, he argues that the PCR Judge improperly vested herself "with factfinding power—to determine prejudice under a preponderance standard," which "is a fundamental mistake of law and misapplication of clearly established federal law under *Strickland*." (*Id.* at 6). Petitioner also conclusively states that the Magistrate Judge erred in finding that the Arizona appeals court correctly applied *Strickland*. (*Id.* at 5). He says, "no prior court in this proceeding has ever applied the 'reasonable probability' standard of *Strickland*." (*Id*).

The Court overrules Petitioner's objections to the R&R's recommendation that Grounds 1–3 be dismissed because, with one exception, these objections only take issue with the PCR Court's order, which was not the last reasoned decision on the merits of his IAC claims. (Doc. 14 at 5, 6). A federal court will "apply AEDPA's standards to the state court's last reasoned decision on the merits of a petitioner's claims." *Ayala v. Chappell*, 829 F.3d 1081, 1094 (9th Cir. 2016). Here, the last decision on the merits was the Arizona Court of Appeals' decision, and not, the PCR court's order, as Petitioner suggests in his Objection and emphatically asserts in his Reply. (Doc. 20 at 1–2). Petitioner argues in his Reply that the Court should "look through" the appeals court decision and review the PCR decision because "the Arizona Court of Appeals decision, literally, runs through the PCR Court's opinion and rubber stamps each of its decisional points." (Doc. 20 at 2). The Court disagrees. The appeals court decision was not "a one-word order, such as 'affirmed' or 'denied'" that requires the Court to "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Instead, the appeals court engaged in a thorough discussion of the PCR court's dismissal of Petitioner's IAC claim and articulated the reasons why that dismissal was not in error. (*See* Doc. 7-1 at 178–79). As the "last reasoned decision" on the IAC claim, the Magistrate Judge did not err in applying AEDPA's standards to the Arizona Court of Appeals decision. Petitioner's objections to the PCR court's treatment of his IAC claims are therefore not relevant and his objections to the R&R failure to address

the alleged deficiencies in the PCR order are overruled.

Moreover, the Court disagrees with Petitioner's position that the appellate court did not correctly apply the reasonable probability standard of *Strickland*. (Doc. 14 at 5). In assessing prejudice under *Strickland,* the question is "whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 112 (*citing Strickland*, 466 U.S. at 693). Arizona Rule of Criminal Procedure 32.13(c) states that at a post-conviction evidentiary hearing, a "defendant has the burden of proving factual allegations by a preponderance of the evidence. . ." Ariz. R. Crim. P. 32.13(c) (effective January 1, 2020).[2]

On appeal, as he does in his Petition, Petitioner argued that the PCR court improperly applied Arizona Rule 32.13(c)'s preponderance standard to the question of whether Petitioner was prejudiced by his trial counsel's deficient performance, instead of applying *Strickland*'s reasonable-probability standard. (Doc. 7-11 at 18, 19). The Arizona Court of Appeals rejected Petitioner's argument. In relevant parts, the court explained,

> The superior court acted within its discretion in considering Workum's credibility as a witness, *see State v. Fritz*, 157 Ariz. 139, 141 (App. 1988), and properly held Workum to his burden of proving the factual allegations *underlying his claim* by a preponderance of the evidence, *see* Ariz. R. Crim. P. 32.13(c).
>
> . . .
>
> The [PCR] court's conclusion that an advice-of-counsel defense was not viable and/or would not have affected the outcome of the trial is reasonably supported by the evidence; indeed, Workum did not present evidence that he provided his civil counsel with all the relevant facts or explain what advice he received based on those facts. Thus, on this record, we cannot say that "but for" the alleged errors, the result of the proceedings would have been different, or that the [PCR] court erred in applying the *Strickland* test.

(Doc. 7-1 at 179) (emphasis added). In other words, as the appeals court explained, because

---
[2] At the time of his briefing, Rule 32.13(c) was codified at Rule 32.8(c).

- 5 -

Petitioner failed to establish factual allegations supporting the elements of a viable advice of counsel defense[3] by a preponderance of the evidence, and because the PCR court found Petitioner not credible, Petitioner could not meet his burden of showing it was more likely than not that the outcome of his trial would have been different had his trial counsel raised the defense. (Doc. 7-1 at 179). The court's application of *Strickland*'s prejudice prong was not objectively unreasonable. *Williams*, 529 U.S. at 409 (holding that for federal court to find a state court's application of Supreme Court precedent "unreasonable" under § 2254(d)(1), the petitioner must show that the state court's decision was not merely incorrect or erroneous, but "objectively unreasonable").

In sum, the Magistrate Judge did not err in concluding that that Petitioner had failed to establish that the Arizona Court of Appeals' decision was "contrary to, or involved an unreasonable application of, clearly established federal law . . ." 28 U.S.C § 2254(d)(1). (*Id.* at 15). Petitioner's objections to the R&R's recommendations on Grounds 1–3 are overruled.

**B.     Objections to Ground 4**

In his Objections to Ground 4, Petitioner argues that the Magistrate Judge "ignored all of the facts" and "critically parsed and de-contextualized a very few select elements of Mr. Workum's testimony and ignored the basic and oft repeated contractual terms at the heart of the actual agreement reached by Mr. Workum and the Ison interests." (Doc. 14 at 6). He says that the "conclusions of the PCR Court and the [R&R] misstate the uncontested factual evidence that was presented and the logical and necessary inferences and results that flowed therefrom during the pendency of Mr. Workum's deadlines with the Ison interests." (*Id.* at 7). He says in doing so, the PCR court and the Magistrate Judge imposed a more rigorous standard of proof than that required under *Strickland* to show prejudice. (*Id.*) In making this argument, Petitioner argues, incorrectly, that *Strickland*'s

---

[3] The Arizona Court of Appeals had its doubts about the availability of an advice of counsel defense in Arizona. For purposes of its order, however, the court assumed its existence, and reviewed for error the PCR court's decision that Petitioner had failed to show that his trial counsel's failure to raise the claim had more likely than not altered the outcome, i.e., the prejudice prong to his *Strickland* IAC claim.

- 6 -

reasonable probability standard applies to this Court's review of a state court's factual determinations. (Doc. 14 at 7). He is wrong. Factual determinations made by a state court are afforded a presumption of correctness under AEDPA. 28 U.S.C. § 2254(e)(1). Petitioners on habeas review "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* "'Clear and convincing evidence' within the meaning of § 2254(e) 'requires greater proof than preponderance of the evidence' and must produce 'an abiding conviction' that the factual contentions being advanced are 'highly probable.'" *Cooper v. Brown*, 510 F.3d 870, 919 (9th Cir. 2007) (*quoting Sophanthavong v. Palmateer*, 378 F.3d 859, 866 (9th Cir. 2004)). "Where there are two permissible views of the evidence, a fact finder's choice between them cannot be clearly erroneous." *Id.*, *citing Amadeo v. Zant*, 486 U.S. 214, 226 (1988).

Petitioner has failed to identify any clear and convincing evidence showing the state court's factual findings with regard to his credibility or the "necessary inferences" stemming from the transactions were objectively erroneous. A review of his objections to the Magistrate Judge's careful explanation of the state court's findings, shows that Petitioner's objections amount to no more than a disagreement with the court's conclusions on those factual findings. Where Petitioner cannot show that the state court was objectively wrong in its findings, this Court will "not second-guess a state court's fact-finding process. . ." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

Petitioner's objections to Ground 4 are overruled.

### C.     Objection to Ground 5 – Actual Innocence

The R&R recommends rejecting Petitioner's freestanding claim of actual innocence based on the advice of counsel defense. (Doc. 9 at 25–27). The R&R states that even assuming "a freestanding actual innocence claim is legally cognizable," Petitioner has "not met the evidentiary burden that would be required for an actual innocence freestanding claim based on an advice of counsel defense." (*Id.* at 26).

In his Objection, Petitioner says the Magistrate Judge "ignored the law that if the advice of counsel can legally negate the existence of specific intent and the State cannot

prove specific intent, then Mr. Workum was actually innocent." (Doc. 14 at 7). He also says that the Magistrate Judge "ignored the fact that, far from simply asking for and following the advice of counsel, when Mr. Workum went to Mr. Collins, it was Mr. Collins who actually, personally, executed all the acts necessary to carry out the plan he devised in his role as Mr. Workum's counsel." (*Id.* at 7).

The United States Supreme Court has assumed, without expressly deciding, that a "freestanding" claim of actual innocence is cognizable on federal habeas review. *See House v. Bell*, 547 U.S. 518, 554–55 (2006); *Herrera v. Collins*, 506 U.S. 390, 417 (1993). The Ninth Circuit has also suggested, without deciding, that a freestanding actual innocence claim in a non-capital context is cognizable in a federal habeas corpus action. *See e.g., Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014); *Carriger v. Stewart*, 132 F.3d 463, 476-77 (9th Cir. 1997) (*en banc*). If cognizable, the Supreme Court has said that the standard for establishing entitlement to relief on a freestanding actual innocence claim would be "extraordinarily high," and to prevail, a movant "must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Herrera*, 506 U.S. at 417.

Petitioner cannot meet this burden. The PCR court held an evidentiary hearing on the viability of Petitioner's underlying advice of counsel claim and found the facts necessary to support the defense could not be established by a preponderance of the evidence. The appellate court stated that if the advice of counsel defense was available in Arizona,[4] it would require Petitioner to show:

> 1) [the defendant] placed all the relevant facts known to him before his counsel 2) counsel rendered an opinion on the propriety of a particular course of action 3) he believed that the opinion was rendered in good faith, and 4) in reasonable reliance upon that opinion he engaged in a course of action which corresponded with his counsel's opinion.

(Doc. 7-1 at 178 (*citing State v Fendler*, 127 Ariz. 464, 478 (App. 1989) (identifying

---

[4] The appeals court found it unnecessary to reach the issue of the availability of an advice of counsel defense in Arizona "[b]ecause Workum fails to prove the defense was viable." (Doc. 7-1 at 177–78, n.7)

- 8 -

"general rule" of advice-of-counsel defense under federal law)). The court of appeals concluded the PCR court "acted within its discretion in considering Workum's credibility as a witness. . . and properly held Workum to his burden of proving the factual allegations underlying his claims by a preponderance of the evidence." (*Id*.) It found the PCR "court's conclusion that an advice-of-counsel defense was not viable and/or would not have affected the outcome of the trial [was] reasonably supported by the evidence" because "Workum did not present evidence that he provided [Mr. Collins] with all the relevant facts or explain what advice he received based on those facts." *Id.* Based in part on Petitioner's "implausibly evolving" and refuted testimony, Petitioner "failed to prove that he sought advice from civil counsel and acted in accordance with that advice in pursuing the transactions forming the basis of the offense." (Doc. 7-1 at 179). In sum, the Arizona Court of Appeals found no error in the conclusion. Where Petitioner cannot show these facts under a preponderance standard, he cannot and has not met the evidentiary burden to establish his actual innocence, even if a freestanding claim was cognizable on habeas.

Beyond his own testimony, which again was found to be not credible, Petitioner's assertion that Mr. Collins was the one that carried out the plan and that Petitioner is actually innocent also cannot meet this burden. Thus, Petitioner's objections to the recommendations on Ground 4 are also overruled.

### D. Petitioner's Motion to Certify Question to Arizona Supreme Court

The Court will now turn to Petitioner's request that the Court certify a question to the Arizona Supreme Court. Petitioner asks that the Court certify the question: "Under Arizona law, is the 'advice of counsel' defense a recognizable legal defense in a criminal proceeding in which the State is required to prove the Defendant acted willfully or intentionally?" (Doc. 17 at 1).

Arizona law authorizes its supreme court to resolve questions of law submitted by a United States district court "if there are involved in any proceedings before the certifying court questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no

controlling precedent in the decisions of the supreme court and the intermediate appellate courts of this state." A.R.S. § 12-1861. Whether to certify a question to the state's highest court lies within the federal district court's discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974).

The Court declines to certify this question to the Arizona Supreme Court because an answer to it will not be determinative of the issues raised in Petitioner's Habeas Petition. Where this Court has already determined that the Arizona Court of Appeals' decision on Petitioner's IAC claim was not contrary to, or an unreasonable application of *Strickland*, a ruling on the issue of whether an advice of counsel defense exists in Arizona would have no effect on the question. Indeed, as noted, the state court presumed the existence of the defense, but nevertheless found that in Petitioner's case, it would not have been viable, and thus Petitioner did not suffer prejudice by his trial counsel's failure to raise it. Accordingly, a finding as to whether or not the defense exists under Arizona law would (and did not) alter the conclusion that Petitioner failed to establish prejudice from its failure to be raised at his trial.

**IV.  Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Objection to the Report and Recommendation of Magistrate Judge Fine (Doc. 14) is **OVERRULED**, and the Report and Recommendation (Doc. 9) is **ACCEPTED AND ADOPTED.** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED, WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certification of Appealability is **DENIED** because reasonable jurists would not find the ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Certify Question to the Arizona Supreme Court (Doc. 17) is **DENIED**.

/ / /

/ / /

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) and terminate this action.

Dated this 13th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge